### Cincinnati, Indianapolis & Western Railway Company v. W. T. Baker.

1. CONTRACT—*what essential to recover for breach of.* A party seeking to recover damages for the non-performance of a contract by the other party thereto must allege and prove that he himself has performed all the conditions of the contract by him to be performed or that such performance has been waived and that such other party is in default.

2. CONTRACT—*jury should not be left to construe.* It is improper to leave to the jury the determination of the question as to what the parties to the contract meant by certain language used.

3. MEASURE OF DAMAGES—*in action for breach of contract, consisting of a failure to locate a station at a particular point.* In such an action profits which might arise from the subdivision of the plaintiff's land is not a part of the measure of damages.

Action in *assumpsit*. Error to the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906. Rehearing denied and opinion modified January 8, 1907.

HOGAN & WALLACE, for plaintiff in error.

J. C. & W. B. McBRIDE and LYMAN G. GRUNDY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Defendant in error brought this suit in *assumpsit* against plaintiff in error to recover damages for an alleged breach of the following contract:

"KNOW ALL MEN BY THESE PRESENTS, That William T. Baker, of Taylorville City, Township of Taylorville and State of Illinois, in consideration of $1 in hand paid by the Indiana, Decatur & Western Railway Company, and here receipted, and to induce the location and construction of another railroad into the county of Christian, and avoid the vexation and expense of legal proceedings to condemn, do agree that said Indiana, Decatur & Western Railway Company, its successors and assigns, may locate, construct, maintain and operate a railway, on the following strip or parcel of land, situated in the township of Mt. Auburn, county of Christian and state of Illinois, and described as follows, viz.:

Being a strip or parcel of land sixty-six feet in width running through my land, on the line as now located in section twenty (20) township fifteen (15), range two (2) west.

It is hereby further agreed by the said railroad company, that a fence shall be built on both sides of the right of way, if necessary.

It is hereby further agreed that the said railway company shall locate a station on the land of William T. Baker, and on or near the Bolivia road, about one-half mile south of the Bolivia school house, said road to be open to the railway, at no expense to the railway company. Compensation in full for the taking of said strip or parcel, by said company, its successors and assigns, shall be One Dollar ($1), on payment whereof I agree to convey the same by deed of general warranty to said Indiana, Decatur & Western Railway Company, its successors and assigns.

It is further agreed that if the said railroad is not completed within two years from this date, this contract shall be null and void. The said William T. Baker shall have the right to locate depot on either the north or the south side of the track at some con-

venient and practical point and further agrees to furnish an additional amount of land for sidetrack. Witness my hand and seal this 6th day of April, 1901.

W. W. GRAHAM.
Agent I., D. & W. Ry. Co.
W. T. BAKER."

Plaintiff in error is the successor and assignee of the Indiana, Decatur & Western Ry. Co., and bound by its agreement to assume all the liabilities and perform all the contracts of the latter company. The declaration alleges the construction and operation by the Indiana, Decatur & Western Ry. Co. of a railroad upon the land of defendant in error, described in the contract; that defendant in error designated a site for a depot at a convenient and practical point south of said railroad, and is ready and willing to furnish an additional amount of land for a sidetrack; that plaintiff in error has not located or constructed a depot and station, nor constructed a sidetrack, as it agreed to do, but refuses to do so. There was a trial by jury, resulting in a verdict and judgment against plaintiff in error for $700.

Neither at the time defendant in error instituted his suit, nor at any time since, has he conveyed or offered to convey to the Indiana & Western Railway Co., or to plaintiff in error as the successor and assignee of said company, the land described in the contract for right of way. It was incumbent upon defendant in error, before he could recover damages from plaintiff in error for an alleged breach of the contract to allege and prove that he, himself, had complied with all the provisions of the contract upon his part. A party to a contract seeking to recover damages for the non-performance of the contract by the other party, must allege and prove that he, himself, has performed all the conditions of the contract by him to be performed, or that such performance has been waived, and that such other party is in default. If both parties are in default neither can maintain an action for a breach

of the contract by the other. Harber Bros. Co. v.
Moffat Cycle Co., 151 Ill. 84; Pennsylvania Coal Co. v.
Ryan, 107 Ill. 226. The agreement on the part of de-
fendant in error to convey a strip of land for right of
way, if not a condition precedent, was, at least, to be
performed concurrently with the agreement on the
part of the railway company, and in either event the
performance by defendant in error was a condition
precedent to his right to recover damages for a breach
of the contract by the railway company.

It appears from the evidence that as a compliance
with its agreement to locate a station on the land of
defendant in error, plaintiff in error erected a frame
structure on the north side of its track, 8x14 feet in
size, and open on the south side.

Both parties, by their instructions, submitted to the
jury, as a question of fact, what constituted a station
within the meaning of the contract. The interpreta-
tion of the contract was a question of law for the court,
and not for the jury. In the absence of an instruc-
tion defining what constituted a station within the
meaning of the contract, the jury was left to deter-
mine the meaning of the contract in that particular.
The contract must be held to speak for itself, and to
express the intention of the parties. Properly, the
court should have instructed the jury as to the mean-
ing of the provision in the contract requiring plaintiff
in error to locate a station on the land of defendant in
error, and then submitted to the jury the question of
fact, whether or not plaintiff in error had complied
with that provision of the contract as interpreted by
the court.

Evidence was admitted by the court of statements
by alleged agents of plaintiff in error, made after
the execution of the contract, as to the character of
the station plaintiff in error expected or proposed
to erect upon the land of defendant in error, and
also as to the character of stations plaintiff in error

had erected at other points on its railroad. The evidence was incompetent for any purpose, and should have been excluded.

Much incompetent evidence was introduced by defendant in error, upon the theory that the measure of his damages for a breach of contract to locate a station on his land, were the profits which might or would have accrued to him by the subdivision of his farm lands into lots and the sale of such lots. Such possible damages were, in this case, too speculative and remote to be admeasured. If defendant in error was in a position to enforce his remedy for an alleged breach of the contract, the measure of his damages would be the value of the land conveyed. R. R. I. & St. L. R. R. Co. v. Beckmeier, 72 Ill. 267.

For the errors indicated the judgment will be reversed and the cause remanded.

> · *Reversed and remanded.*